IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| AVERY TAYLOR,<br>    Plaintiff<br><br>v.<br><br>CARLOS ESTEVAO and<br>FRONTLINE CONTRACTORS, LLC<br>    Defendants | : CIVIL ACTION<br>:<br>: Case No. 2:25-cv-6111<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

Defendants Carlos Estevao and Frontline Contractors, LLC by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 (a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and aver in support thereof as follows:

1. On or about June 16, 2025, Plaintiff instituted the following State Action by filing a Complaint against Defendants. (See *Exhibit A*).

2. Plaintiff, Avery Taylor is a resident of the Commonwealth of Pennsylvania residing at 161 Olive Street, Philadelphia. (See *Exhibit A* ¶ 1)

3. Defendant, Carlos Estevao, is an individual residing at 365 Carroll Street, Riverside, NJ 08075. (*Id.* ¶ 2)

4. Defendant, Frontline Contractors, LLC, has a principal place of business at 1500 Main Line Drive, Cinnaminson, New Jersey 08077. (*Id.* ¶ 3)

5. In the Complaint, Plaintiff alleges that she sustained severe and disabling injuries

including but not limited to concussion, chronic post-concussion headache, status post head injury, post-traumatic headache, chronic migraine with aura, post-concussion syndrome, vertigo, cervical radiculopathy, and right disc protrusions at T-11/T-12. (*Id.* ¶ 9).

6. In the Complaint, Plaintiff also alleges that because of the negligence of Defendants she is disabled from her usual duties, occupations with a loss of earnings, earning power and earning potential. (*Id.* ¶ 10).

7. In the Complaint, Plaintiff also alleges that she has and, in the future, will expend large sums of money for medicine and medical attention. (*Id.* ¶ 11).

8. The Complaint includes clauses seeking in excess of $50,000. (*Id.*)

9. As of March 11, 2025, there was a Rawlings lien of $17,728.11 (See Rawlings Lien Letter dated 04/11/2025, attached hereto as *Exhibit "B"*).

10. Accordingly, Defendants now timely files this Notice of Removal because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

11. The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing Philadelphia County, Pennsylvania, where the State Action was filed. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

12. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action." (See *Exhibit C* (C1- Complaint, C2- Entry of Defendants and C3- State Notice of Removal).

13. Prompt written notice of this Notice of Removal is being sent to Plaintiff's through their counsel, and a copy of this Notice of Removal is being filed with the Prothonotary of the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d). See *Exhibit C3*- State Notice of Removal.

I. **REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION BECAUSE PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES AND THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000**.

14. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. The district courts of the United States have original jurisdiction over matters between citizens of different States where the amount in controversy exceeds $75,000.

   A. **PLAINTIFF AND DEFENDANTS ARE CITIZENS OF DIFFERENT STATES**

16. A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d. Cir. 2015).

17. A corporation is a citizen both of the state where it is incorporated and the state where it has its principal place of business. *Id*.

18. At all relevant times, Plaintiff, Avery Taylor is a citizen of the Commonwealth of Pennsylvania. (See *Exhibit A*, ¶ 1).

19. At all relevant times, Defendant Carlos Estevao., is a citizen of the State of New Jersey residing at 365 Carroll Stret, Riverside, NJ 08075. (See *Exhibit A*, ¶ 2).

20. Defendant Frontline Contractors, LLC has its principal place of business at 1500 Main Line Drive, Cinnaminson, NJ 08077. (See *Exhibit A*, ¶ 3).

21. Accordingly, the requirements of diversity jurisdiction have been satisfied.

### B.  THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000

22. "A court must engage in an objective independent appraisal of the claim's value to determine whether the amount in controversy is satisfied." *Judge v. Phila. Premium Outlets*, 2010 U.S. Dist. LEXIS 56762, *8, 2010 WL 2376122 (E.D. Pa. 2010)(citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

23. In cases with demands of indeterminate value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Id*.

24. In the instant matter, plaintiff alleges her injuries are "severe and disabling" that include but are not limited to concussion, chronic post-concussion syndrome, vertigo, cervical radiculopathy, disc protrusion at T-11/T-12, chronic pain in her back, left knee, loss of memory and other injuries. See *Exhibit A*, ¶ 9.

25. Plaintiff alleges a loss of earnings and future earning power. *Id*. ¶ 10.

26. Plaintiff further alleges that she has and will have to expend large sums of money for past and future medical care. *Id*. ¶ 11.

27. Based upon the allegations contained in the Complaint along with the current medical lien in excess of $17,000, Defendants have a good faith belief that the matter in controversy exceeds the value of $75,000.

### II.        THE NOTICE OF REMOVAL WAS TIMELY FILED

28. Where a case stated by initial pleadings is not removable, " a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained

that this case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

25. In the instant matter, Plaintiff has not filed an affidavit of service for either Defendant so removal is timely.

WHEREFORE, Defendants, Carlos Estevao and Frontline Contractors, LLC respectfully requests that this State action be removed from Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**LAW OFFICES OF HARRIET ANDERSON**

By:_____
Denise M. Mandi, Esquire
IDENTIFICATION NO: 88248
656 E. Swedesford Rd., Suite 115
Wayne, PA 19087
Denise.Mandi@Selective.com
Phone: 856-778-3210
Fax: 855-515-8186
Attorney for Defendants Carlos Estevao and
Frontline Contractors, LLC

Dated: October 27, 2025